IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RANDAL SCOT COMBS,          )<br>                             )<br>     Plaintiff,            )<br>                             )<br>     v.                      )<br>                             )<br>MARICOPA COUNTY SHERIFF'S    )<br>OFFICE, JOSEPH M. ARPAIO,    )<br>                             )<br>     Defendant.             )<br>_____) | CIV 05-02646 PHX JWS (MEA)<br><br>REPORT AND RECOMMENDATION<br>FOR DISMISSAL WITHOUT<br>PREJUDICE |

Plaintiff, while an inmate at the Maricopa County Lower Buckeye Jail in Phoenix, Arizona, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 31, 2005. On March 14, 2006, the Court issued an order directing monthly payments be made from Plaintiff's inmate account and sent a copy of the payment order to Plaintiff. The Court's order also required Plaintiff to complete and return a service packet for Defendant to the Court by April 3, 2006.

Plaintiff was apparently released from the custody of the Maricopa County Sheriff's Department prior to March 20, 2006.[1] See Docket No. 5. Plaintiff has not provided the Court

---

[1] Because Plaintiff was released from custody, Plaintiff is obligated to pay the filing fee for his section 1983 action within one month of being released from custody.

with his current address.

Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona requires prisoner-litigants to comply with instructions attached to the Court-approved complaint form for use in section 1983 actions. Those instructions provide: "You must immediately notify the clerk ... in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case."

Plaintiff was warned that failure to file a notice of change of address or to otherwise comply with the Court's orders could result in the dismissal of his suit. Plaintiff has not filed a notice of change of address and mail sent to his last known address was returned. An order to show cause why this action should not be dismissed for failure to serve the defendant or for failure to prosecute would be futile. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (stating that "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only finding itself taking a round trip tour through the United States mail").

**THEREFORE, IT IS RECOMMENDED that** Plaintiff's complaint be **dismissed without prejudice** for Plaintiff's failure to comply with Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona and Rule 41(b), Federal Rules of Civil Procedure.

1  DATED this 4th day of April, 2006.

_____
Mark E. Aspey
United States Magistrate Judge

-3-